1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  MICHAEL PHIPPS,                          )   1:11-cv-01741 LJO MJS HC
                                            )
11              Petitioner,                  )   FINDINGS AND RECOMMENDATION
                                            )   REGARDING PETITION FOR WRIT OF
12      v.                                   )   HABEAS CORPUS
                                            )
13                                           )   (Doc. 1)
    H. A. RIOS, JR.,                         )
14                                           )
                Respondent.                  )
15  _____ )

16

17      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas

18  corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant petition for writ of habeas

    corpus on October 19, 2011.

19
20      Petitioner was convicted on December 18, 1995, in the United States District Court for

21  the Southern District of Ohio for armed bank robbery, armed postal robbery, conspiracy and

    other charges. He is currently serving a sentence of 100 years and 10 months. Petitioner

22  present four claims for relief, claiming that (1) aiding and abetting elements  not apply equally

23  to all the charged counts, (2) plain error occurred during trial and jury instructions, (3)

24  Petitioner is actually innocent of the use of a firearm charge, and (4) that there was insufficient

25  evidence to convict Petitioner as a principal or an aider and abettor. (Pet., ECF No. 1.)

26
    **I.**      **SCREENING THE PETITION**
27
        Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism
28

and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.   **JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.

1   2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in

2   the sentencing court, while petitions that challenge the manner, location, or conditions of a

3   sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843

4   F.2d at 1162.

5       In contrast, a federal prisoner challenging the manner, location, or conditions of that

6   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

7   Hernandez, 204 F.3d at 865.

8       Here, Petitioner is challenging the validity and constitutionality of his conviction.

9   Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a

10  habeas petition pursuant to § 2241.

11      The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

12  authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion

13  under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v.

14  United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952,

15  956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id.

16  Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May,

17  85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to

18  render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears

19  of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage,

20  250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden

21  is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United

22  States, 315 F.2d 76, 83 (9th Cir. 1963).

23      Petitioner asserts that following his conviction, he filed a notice of appeal. Petitioner

24  states that he claimed in his appeal that the evidence was insufficient to support the

25  conviction, he challenged the jury instructions, he claimed a conflict of interest by counsel, and

26  he challenged his conviction of aiding and abetting. A review of the docket in the underlying

27  criminal case, United States v. Phipps, Case No. 2:95-cr-00066-GCS, reveals the disposition

28

U.S. District Court
E. D. California

of the appeal and subsequent filings.[1] The appeal was denied on September 11, 1997. On February 16, 1999, he filed a motion pursuant to 28 U.S.C. § 2255 to vacate judgment. On October 19, 2000, the motion was denied. On October 31, 2001, the Court of Appeals denied Petitioner's motion to file a second § 2255 petition.

Petitioner has not claimed that he did lacked  an unobstructed opportunity to present his claims in his § 2255 motion and he must now raise it by way of a § 2241 petition. Instead, he states that he may be procedurally barred to proceed by way of a § 2255 petition. Petitioner's argument is without merit. First, he concedes he did in fact raise the same arguments in his criminal appeal. Further, Petitioner has filed a § 2255 motion, and has requested to file a second § 2255 motion with the sentencing court. He has had numerous opportunities to present the claims he now raises, and has in fact done so. Therefore, Petitioner does not qualify under the savings clause.

In addition, Petitioner has failed to demonstrate that his claims qualify under the savings clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). See also Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). Petitioner fails to demonstrate by a preponderance of evidence that he is factually innocent of use of a firearm. Petitioner states how other co-defendants used firearms, but does not describe why he is innocent of the charge. Further,

---

[1]Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

Petitioner does appropriately explain how he is factually innocent of principal or aider and abettor liability.  Petitioner lists actions taken by other co-defendants, but fails to present any factual basis as to why he is innocent.

Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

**III.    RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    The petition for writ of habeas corpus be DISMISSED; and

2.    The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 21, 2011          /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE